**Baker & Hostetler LLP**
45 Rockefeller Plaza
New York, NY 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201

*Attorneys for Irving H. Picard, Trustee for the
Substantively Consolidated SIPA Liquidation of
Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------------x
: :
In re: : SIPA LIQUIDATION
: :
BERNARD L. MADOFF INVESTMENT SECURITIES : Index No. 08-01789 (BRL)
LLC, :
: :
Debtor. :
: :
IRVING H. PICARD, Trustee for the Liquidation of : Adv. Pro. No. 10-04283 (BRL)
Bernard L. Madoff Investment Securities LLC, :
: :
Plaintiff, :
: :
- against - :
: :
STEVEN B. MENDELOW, NTC & Co. LLP, as former :
custodian of an Individual Retirement Account for the :
benefit of STEVEN B. MENDELOW, NANCY :
MENDELOW, NTC & Co. LLP as former custodian of :
an Individual Retirement Account for the benefit of :
NANCY MENDELOW, CARA MENDELOW, :
PAMELA CHRISTIAN, C&P ASSOCIATES, LTD., :
and C&P ASSOCIATES, INC., :
: :
Defendants. :
------------------------------------------------------------------------x

**TRUSTEE'S OBJECTION TO STEVEN B. MENDELOW'S
MOTION FOR THE ENFORCEMENT OF THE
<u>AUTOMATIC STAY AND FOR A PRELIMINARY INJUNCTION</u>**

Irving H. Picard (the "Trustee"), as trustee for the substantively consolidated liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa, *et seq.* ("SIPA"), and the estate of Bernard L. Madoff, by and through his undersigned counsel, respectfully submits this objection to the motion by Steven B. Mendelow (the "Mendelow Motion") to enforce the automatic stay under § 362 of the United States Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code") and the stay orders of the District Court,[1] and enjoin the plaintiffs in *Warshaw v. Mendelow, et al.*, No. 652173/2010 (N.Y. Sup. Ct. N.Y. Co. filed Dec. 3, 2010) (the "Warshaw Action").

## PRELIMINARY STATEMENT

It is the Trustee's exclusive right to protect the assets of the BLMIS estate, by, among other things, ensuring the enforcement of the automatic stay and the Stay Orders. The Mendelow Motion improperly seeks to usurp this right by requesting that this Court enjoin pending third party actions based on an alleged violation of the automatic stay and the Stay Orders. The Trustee has actively protected the BLMIS estate pursuant to the Stay Orders and automatic stay, and will continue to do so as warranted. Section 105 of the Bankruptcy Code does not confer standing upon non-creditor third parties, such as Mendelow, to assert rights that belong exclusively to the Trustee. Accordingly, the Trustee objects to the Mendelow Motion to the extent it purports to enforce the Trustee's exclusive rights under 11 U.S.C. §§ 105, 362, or the Stay Orders.

---

[1] On December 15, 2008, the U.S. District Court for the Southern District of New York from which these SIPA proceedings were removed ordered that, with respect to the BLMIS estate, "all persons and entities are notified that, subject to the other provisions of 11 U.S.C. §362, the automatic stay provisions of 11 U.S.C. §362(a) operate as a stay of…any act to obtain possession of property of the estate or property from the estate…" *See Securities and Exchange Commission v. Bernard L. Madoff Inv. Securities*, No. 08-10791 (S.D.N.Y. filed Dec. 11, 2008), Dkt. No. 4 ("December 15, 2008 Stay Order"); *see also* Order on Consent Imposing Preliminary Injunction Freezing Assets and Granting Other Relief Against Defendants, Dec. 18, 2008, Dkt. No. 8 (together with the December 15, 2008 Stay Order, the "Stay Orders").

## BACKGROUND

On November 24, 2010, the Trustee initiated this adversary proceeding seeking the recovery of funds fraudulently transferred from the estate, ultimately reaching defendant Steven B. Mendelow ("Mendelow") and a number of other individuals and entities. *Picard v. Mendelow, et. al*, Adv. Pro. No. 10-04283 (BRL) (the "Mendelow Action").

On December 3, 2010, Larry Warshaw and Carol Warshaw, in their capacities as trustees for Carol Ann Enterprises, Inc. Pension Plan, and Sajust, LLC (the "Warshaw Plaintiffs"), filed the Warshaw Action against defendants Mendelow, Paul Konigsberg, and Konigsberg, Wolf & Co. (collectively, the "Warshaw Defendants"). After a motion to dismiss was filed by Konigsberg Wolf and Paul Konigsberg, the Warshaw Plaintiffs filed an amended complaint on February 17, 2011 containing additional factual allegations. The amended complaint in the Warshaw Action alleges that the Warshaw Defendants had actual knowledge of the fraud perpetrated by BLMIS, yet recommended that the Warshaw Plaintiffs invest their money in FGLS Equity, LLC for the purpose of investing in BLMIS. *See* Warshaw Action First Am. Compl. ¶¶ 2-10. According to the Warshaw Action amended complaint, Konigsberg Wolf served as the accountant for the Warshaw Plaintiffs' investments in BLMIS—investments that were facilitated by Mendelow both in his capacity as the Warshaw Plaintiffs' investment advisor and as a principal at Konigsberg Wolf. The Warshaw Plaintiffs allege claims for professional malpractice, breach of fiduciary duty, negligent misrepresentation and fraud, together with conspiracy and aiding and abetting fraud, and seek $2,676,434 in damages against all of the Warshaw Defendants.

On January 18, 2011, Mendelow moved to enjoin the Warshaw Action by filing the Mendelow Motion. The Mendelow Motion requests injunctive relief under 11 U.S.C. § 105,

asserting that the Warshaw Action was filed in violation of the automatic stay provided by 11 U.S.C. § 362 and the Stay Orders.[2]

## ARGUMENT

## MENDELOW CANNOT STAND IN THE TRUSTEE'S SHOES TO PROTECT PROPERTY OF THE ESTATE

The Bankruptcy Code grants standing to protect property of the estate only to the bankruptcy trustee, debtor in possession, or, in limited circumstances, creditors. *See generally St. Paul Fire & Marine Ins. Co. v. Pepsico Inc.*, 884 F.2d 688 (2d Cir. 1989) (holding that a corporation did not have standing to assert alter ego claims outside of bankruptcy because the action should have been asserted by the bankruptcy trustee). As this Court has previously ruled that avoidance action claims (such as those asserted by the Trustee against Mendelow) are property of the estate, the Trustee objects to the Mendelow Motion to the extent the motion purports to enforce the Trustee's rights under 11 U.S.C. §§ 105, 362, or the Stay Orders. *See Picard v. Fox*, 429 B.R. 423, 433-34 (Bankr. S.D.N.Y. 2010); *Picard v. Stahl*, 2011 WL 439532, at *10 (Bankr. S.D.N.Y. Feb. 9, 2011).

---

[2] The Mendelow Motion also alleges that the Warshaw Action interferes with the exercise of Mendelow's Fifth Amendment right not to testify in a related criminal proceeding. The Trustee takes no position as to Mendelow's standing to assert his Fifth Amendment rights. However, no basis is evident from the Mendelow Motion that would warrant such relief, particularly given that Mendelow has not been indicted, and indeed states that he has no expectation of being charged or indicted for a crime. *See* Mendelow Motion at p. 14; *see also Par Pharm. Sec. Litig.,* 133 F.R.D. 12, 14 (S.D.N.Y. 1990) ("A total stay of civil discovery pending the outcome of related criminal proceedings, however, is an extraordinary remedy…. The weight of authority in this Circuit indicates that courts will stay a civil proceeding when the criminal investigation has ripened into an indictment,…but will deny a stay of the civil proceeding where no indictment has issued…"). Unlike the cases relied upon by Mendelow in which adversary proceedings were stayed based on parallel criminal proceedings, Mendelow is not the debtor in this SIPA proceeding and the bankruptcy discharge is not threatened, *see In re Marceca*, 131 B.R. 774, 778 (Bankr. S.D.N.Y. 1991) ("…a complete stay of a pending civil action until the outcome of related criminal proceedings is an extraordinary remedy" (granting pre-indictment stay of adversary proceeding where defendant in adversary proceeding also happened to be debtor in bankruptcy case, thereby threatening bankruptcy discharge)); nor has the government sought a stay to avoid discovery of its witnesses, *see Dominguez v. Hartford Fin. Servcs. Group, Inc*., 530 F. Supp. 2d 902 (S.D. Tex. 2008) (granting stay of civil proceedings parallel to criminal prosecution where stay requested by government in order to prevent defendant from obtaining discovery on government witnesses).

A.  Mendelow Lacks Standing Under Sections 362 and 105 of the
    Bankruptcy Code and the Stay Orders to Enjoin the Warshaw Action

Courts have consistently limited standing to enforce the automatic stay protections afforded by 11 U.S.C. § 362 to debtors, bankruptcy trustees, and, in limited circumstances, creditors. *In re Fiber Optek Interconnect Corp.*, 2009 Bankr. LEXIS 3040 at *16 - *18 (Bankr. S.D.N.Y. Sept. 23, 2009) (finding that creditor lacked standing to seek relief for alleged stay violation (*citing In re Pecan Groves of Ariz.*, 951 F.2d 242 (9th Cir. 1991)); *In re Silverman*, 42 B.R. 509, 516 (Bankr. S.D.N.Y. 1984) ("the automatic stay is for the benefit of the debtor and if it chooses to ignore stay violations other parties cannot use such violations to their advantage" (upholding foreclosure sale irrespective of whether such sale conducted in violation of automatic stay where trustee condoned the sale and did not object to stay violation)). Mendelow contends that the Warshaw Action he wishes to enjoin "seeks to evade and circumvent the Trustee's fair and equitable distribution of BLMIS assets" and "seeks property that the Trustee alleges was fraudulently transferred from the BLMIS estate." (Mendelow Motion at 8). Because the right to enforce the automatic stay belongs to the Trustee, and because the right to enforce the Stay Orders is derivative of the Trustee's exclusive right to enforce the automatic stay, Mendelow does not have standing to move for injunctive relief under either 11 U.S.C. § 362 or the Stay Orders.

Mendelow also lacks standing to move the court to enjoin the Warshaw Action under 11 U.S.C. § 105. At its core, an adversary proceeding brought by a non-debtor party such as Mendelow to enjoin third party litigation such as the Warshaw Action is an assertion of a statutory right possessed by the bankruptcy trustee. Litigants in federal court are generally "barred from asserting the constitutional and statutory rights of others in an effort to obtain relief for injury to themselves." *Kane v. Johns-Manville Corp.*, 843 F.2d 636, 643-44 (2d Cir. 1988)

(holding that asbestos claimant did not have standing to enforce rights related to bankruptcy claims of other third parties). The Supreme Court and Second Circuit have generally recognized only two exceptions to this rule, having granted "derivative standing" to non-debtors to bring an adversary proceeding or claim on behalf of the debtor where:

1. The interests of the litigant are closely allied with those of the party whose rights are being asserted; or
2. Where the party whose rights are being vindicated is unable (or unreasonably fails) to assert those rights on its own behalf.

*See Singleton v. Wulff*, 428 U.S. 106, 114-15 (1976) ("With this in mind, the Court has looked primarily to two factual elements to determine whether the rule should apply in a particular case. The first is the relationship of the litigant to the person whose right he seeks to assert…The other factual element to which the Court has looked is the ability of the third party to assert his own right"), *cited in Kane v. Johns-Manville*, 843 F.2d at 643-44. Such "closely allied" interests have been found where, for example, a debtor or trustee consents to a third party suit and the suit is in the best interests of the bankruptcy estate. *See Commodore Int'l v. Gould*, 262 F.3d 96, 100 (2d Cir. 2001) ("a creditors' committee may acquire standing to pursue the debtor's claims if (1) the committee has the consent of the debtor in possession or trustee, and (2) the court finds that suit by the committee is (a) in the best interest of the bankruptcy estate, and (b) is 'necessary and beneficial' to the fair and efficient resolution of the bankruptcy proceedings").

Neither of these exceptions is applicable to the Mendelow Motion. The Mendelow Motion was not brought with the consent of the Trustee, who, based on the information available to him at this time, is unable to ascertain that the requested relief will impact the bankruptcy estate or this Court's jurisdiction. Accordingly, the motion benefits only Mendelow, rather than a pool of creditors or the BLMIS estate generally. As to the second exception, the Trustee is demonstrably willing and able to vindicate his rights to enjoin third party actions when necessary

and appropriate to protect the BLMIS estate. *See, e.g., Picard v. Fox*, 429 B.R. 423 (Bankr. S.D.N.Y. 2010) (action commenced by the Trustee to enjoin third-party actions against investors in BLMIS); *Picard v. Stahl*, 2011 WL 439532 (action commenced by the Trustee to enjoin third-party actions against certain Madoff family members). Mendelow cannot reasonably assert that the Trustee has been "shirking his statutory responsibilities" or acting "unjustifiably" by refusing to enjoin the Warshaw actions. Absent such a showing, the Mendelow Motion should be denied. *See In re Matter of Xonics Photochemical*, *Inc.*, 841 F.2d 198, 203 (7th Cir. 1988); *In re Gibson Group*, *Inc.*, 66 F.3d 1436, 1443-45 (6th Cir. 1995) (*citing In re Louisiana World Exposition & Fed. Ins. Co.*, 858 F.2d 233 (5th Cir. 1985)).

Although 11 U.S.C. § 105 gives bankruptcy courts the power to grant injunctive relief against actions that would impair the court's jurisdiction with respect to the case before it, the statute does not confer standing on non-creditor third parties to assert property rights conferred by the Bankruptcy Code exclusively on the Trustee. *See* 1-105 COLLIER ON BANKRUPTCY 3d Ed. Rev. ¶ 105.03[4][b] ("Standing to bring the adversary proceeding to enjoin the actions of a third party rests with the debtor, debtor in possession or the trustee, and not with the third party."); *Scott v. Nat'l Century Fin. Enters. (In re Baltimore Emergency Servs. II),* 432 F.3d 557, 562–63 (4th Cir. 2005) (even assuming creditors had derivative standing to seek injunctive relief on behalf of estate, no standing existed absent determinations of consent by the debtor and that requested relief was in the best interests of the estate); *OMC, Inc. v. Local Union 28 of the Sheet Metal Workers' Int'l Union (In re OMC, Inc.)*, 2010 Bankr. LEXIS 3600, at *7 (Bankr. S.D.N.Y. Oct. 13, 2010) ("The estate or estate representative is 'the entity with standing to seek an injunction under section 105, and must establish each element by a preponderance of the evidence'" (*citing* 2 COLLIER ON BANKRUPTCY at ¶ 105.03[l])).

Mendelow cites nine different cases for the proposition that § 105 empowers the bankruptcy court to enjoin third-party litigation to facilitate implementation of the Bankruptcy Code provisions. But in only one of those nine cases was injunctive relief sought by a party other than a creditor, debtor, or bankruptcy trustee. That case, *In re Wingspread Corp.*, is thus the only case that presented a question as to the movant's standing akin to the standing issue raised by the Mendelow Motion. 92 B.R. 87 (Bankr. S.D.N.Y. 1988). In *Wingspread*, the purchaser of a claim in a secondary asset sale under 11 U.S.C. § 363 sought to enjoin a lawsuit filed against it in District Court by a participant in an earlier § 363 sale. The court granted the injunction chiefly because the asset sale process had been tainted by allegations of fraud and, from the court's perspective, thereby threatened the integrity of the entire bankruptcy sale process. *In re Wingspread Corp.*, 92 B.R. at 92.

Those concerns do not present themselves in the Mendelow Motion. As opposed to *Wingspread*, denying the injunctive relief requested in the Mendelow Motion and allowing the Warshaw Actions to proceed does not undermine the integrity of the bankruptcy process or otherwise threaten the jurisdiction of the bankruptcy court to adjudicate the trustee's avoidance action against Mendelow or any other BLMIS defendant.

B.  The Trustee Will Take All Appropriate Action to Protect the Property of the BLMIS Estate

As the Court is aware, the Trustee has not hesitated to seek to enforce the automatic stay against parties that attempt to usurp the Trustee's claims, exercise control of property of the estate, interfere with the administration of the estate, or otherwise undermine this Court's jurisdiction. *See Fox,* 429 B.R. 423; *Stahl,* 2011 WL 439532. The Trustee does not have information available to him at this time indicating that the injunctive relief requested in the Mendelow Motion is warranted for the protection of the BLMIS estate. The Trustee will

8

continue to monitor the Warshaw Actions and conduct his investigation, will analyze anticipated financial disclosures from the Warshaw Defendants, and will take all necessary and appropriate action to protect the BLMIS estate if and when such action is warranted.

## CONCLUSION

For the foregoing reasons, the Trustee respectfully requests that this Court deny the relief requested in the Mendelow Motion.

Dated: March 1, 2011
      New York, New York

By: /s/ *Keith R. Murphy*
BAKER & HOSTETLER LLP
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David Sheehan
Email: dsheehan@bakerlaw.com
Deborah H. Renner
Email: drenner@bakerlaw.com
Keith R. Murphy
Email: kmurphy@bakerlaw.com
Tracy L. Cole
Email: tcole@bakerlaw.com
Jonathan B. New
Email: jnew@bakerlaw.com
James W. Day
Email: jday@bakerlaw.com
Ferve E. Ozturk
Email: fozturk@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff*