UNITED STATES BANKRUPTCY COURT  Hearing Date: April 6, 2011
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
In re:                                              : SIPA LIQUIDATION
                                                    :
BERNARD L. MADOFF INVESTMENT SECURITIES             : Index No. 08-01789 (BRL)
LLC,                                                :
                                                    :
            Debtor.                                 :
                                                    :
IRVING H. PICARD, Trustee for the Liquidation of    : Adv. Pro. No. 10-04283 (BRL)
Bernard L. Madoff Investment Securities LLC,        :
                                                    :
            Plaintiff,                              :
                                                    :
    - against -                                     :
                                                    :
                                                    :
STEVEN B. MENDELOW, NTC & Co. LLP, as former        : **AFFIRMATION OF**
custodian of an Individual Retirement Account for the : **MICHELLE A. RICE**
benefit of STEVEN B. MENDELOW, NANCY                :
MENDELOW, NTC & Co. LLP as former custodian of      :
an Individual Retirement Account for the benefit of :
NANCY MENDELOW, CARA MENDELOW,                      :
PAMELA CHRISTIAN, C&P ASSOCIATES, LTD.,             :
and C&P ASSOCIATES, INC.,                           :
                                                    :
            Defendants.                             :
-----------------------------------------------------------------x

MICHELLE A. RICE, an attorney duly admitted to practice before the Courts of the State of New York and this Court affirms the following under the penalties of perjury:

1. I am a member of the law firm of Arkin Kaplan Rice LLP, attorneys for defendant Steven B. Mendelow. I submit this affirmation in support of Mr. Mendelow's Reply Memorandum of Law in Support of His Motion for the Enforcement of the Automatic Stay and for a Preliminary Injunction.

2. Attached at Exhibit A is a true and correct copy of an email I sent on January 17, 2001 to Jonathan New, of Baker Hostetler LLP, counsel for Irving Picard,

Trustee for the estate of Bernard L. Madoff Investment Securities LLC (the "Trustee"), requesting the Trustee's participation in Mr. Mendelow's Motion. Prior to the transmission of the January 17, 2011 email, I spoke to Mr. New by telephone and explained that, on behalf of Mr. Mendelow, we were requesting that he join in our motion seeking a stay of the *Warshaw* Action. Alternatively, I suggested that the Trustee might want to bring his own motion if, for other reasons, he was not comfortable simply joining in the motion that we had prepared. I told Mr. New that we would provide him with a draft of the motion as soon as it was finalized.

3. Sometime after the transmission of the January 17, 2011 email, I spoke again with Mr. New. He informed me that the Trustee would not be joining the Motion or submitting his own motion regarding an injunction of the *Warshaw* third party action.

4. Attached at Exhibit B is a true and correct copy of a Summons with Notice in the case *Weinberg v. Mendelow et al.*, No. 652222/2010 (Sup. Ct., N.Y. County, December 9, 2010).

5. Attached at Exhibit C is a true and correct copy of a litigation hold letter sent by the Trustee's counsel to counsel for Steven B. Mendelow, dated February 10, 2011.

Dated: New York, NY
March 25, 2011

_____
MICHELLE A. RICE

# Exhibit A

# Michelle Rice

**From:** New, Jonathan B. [jnew@bakerlaw.com]
**Sent:** Tuesday, January 18, 2011 10:45 AM
**To:** Michelle Rice
**Subject:** RE: Brief to Stay Warshaw Action - FINAL (TGR0054-7) (2)

Michelle:

Thanks for sharing with us. We will review and get back to you soon.

Best,
  Jonathan

---

**From:** Michelle Rice [mailto:MRice@arkin-law.com]
**Sent:** Monday, January 17, 2011 2:23 PM
**To:** New, Jonathan B.
**Subject:** Brief to Stay Warshaw Action - FINAL (TGR0054-7) (2)

Jonathan:

Attached is a final memorandum, which we very much hope to file tomorrow simply because our date to answer or move is this Friday. While I am comfortable that we will be able to obtain an extension (whether from the plaintiff or from a court), I think we should have it on file.

I would appreciate hearing from you when you have had a sufficient opportunity to review and consider the application. As I indicated on the phone, we think that it makes sense for you (and the Trustee) to join with us in the application.

Best regards,
Michelle

**Michelle A. Rice** | Arkin Kaplan Rice LLP | 590 Madison Avenue, New York, NY 10022 | direct: 212 333 0227 | main: 212 333 0200 | fax: 212 333 2350 | mrice@arkin-law.com | http://www.arkin-law.com

This e-mail and any attachments may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient. Any review, reliance or distribution by others or forwarding without express permission is strictly prohibited. If you are not the intended recipient, please contact the sender and delete all copies.

This email is intended only for the use of the party to which it is
addressed and may contain information that is privileged,
confidential, or protected by law. If you are not the intended
recipient you are hereby notified that any dissemination, copying
or distribution of this email or its contents is strictly prohibited.
If you have received this message in error, please notify us immediately
by replying to the message and deleting it from your computer.

Internet communications are not assured to be secure or clear of
inaccuracies as information could be intercepted, corrupted, lost,
destroyed, arrive late or incomplete, or contain viruses. Therefore,
we do not accept responsibility for any errors or omissions that are
present in this email, or any attachment, that have arisen as a result
of e-mail transmission.

3/23/2011

# Exhibit B

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
---

MARK D. WEINBERG,

        Plaintiff,

-against-

STEVEN MENDELOW, PAUL KONIGSBERG,
and KONIGSBERG, WOLF & CO.,

        Defendants.
---

Index No.     -2010

**SUMMONS WITH NOTICE**

Date Purchased: December ___,
2010

TO THE ABOVE NAMED DEFENDANTS:

    You are hereby summoned and required to serve upon plaintiff's attorney at the address stated below, a notice of appearance or demand for a complaint. If this summons was personally delivered to you in the State of New York, the notice of appearance or demand for a complaint must be served within twenty days after such service of the summons, excluding the date of service. If the summons was not personally delivered to you within the State of New York, the notice of appearance or demand for a complaint must be served within thirty days after service of the summons is complete as provided by law.

    The nature of the action is to recover money damages for professional negligence, breach of fiduciary duty, fraud, negligent misrepresentation, and aiding and abetting fraud. The relief sought is in excess of $1,000,000 plus interest thereon, and the costs and disbursements of this action.

    If you do not serve a notice of appearance or demand for a complaint within the applicable time limitation stated above, judgment may be entered against you, by default, for the sum of at least $1,000,000 plus statutory interest, and the costs and disbursements of this action.

This action will be heard in the Supreme Court of the State of New York, in and for the County of New York. This action is brought in the County of New York by virtue of the defendants' place of business located at 440 Park Avenue South, New York, New York 10016.

DATED: New York, New York
December 9, 2010

COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD, P.A.
A Professional Corporation

By: _____
Steven L. Klepper
Nolan E. Shanahan
Attorneys for Plaintiff
Mark D. Weinberg
900 Third Avenue, 16th Floor
New York, NY 10022-4728
(212) 752-8000

TO:

Steven Mendelow
Konigsberg, Wolf & Co.
440 Park Avenue South
New York, New York 10016

Paul Konigsberg
Konigsberg, Wolf & Co.
440 Park Avenue South
New York, New York 10016

Konigsberg, Wolf & Co.
440 Park Avenue South
New York, New York 10016

# Exhibit
# C

# Baker Hostetler

Baker&Hostetler LLP

45 Rockefeller Plaza
New York, NY 10111

T 212.589.4200
F 212.589.4201
www.bakerlaw.com

February 10, 2011

Jonathan Brian New
direct dial: 212.589.4650
jnew@bakerlaw.com

**VIA FEDERAL EXPRESS AND ELECTRONIC MAIL**

Stanley S. Arkin, Esq.
Michelle A. Rice, Esq.
Arkin, Kaplan Rice LLP
590 Madison Avenue
New York, New York 10022

Re: *Adv. Pro. No. 10-005313 (BRL); Irving H. Picard, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC v. Steven B. Mendelow et. al*; In the United States Bankruptcy Court for the Southern District of New York

Dear Mr. Arkin:

Please be advised that Irving H. Picard, Esq. (the "Trustee"), as trustee for the liquidation of the business of Bernard L. Madoff Investment Securities LLC, under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa, et seq., and Bernard L. Madoff, by and through his counsel Baker & Hostetler LLP, hereby demand that Steven B. Mendelow, Nancy Mendelow, Cara Mendelow, Pamela Christian, C&P Associates, Ltd and C&P Associates, Inc. preserve all documents, tangible things and electronically stored information ("ESI") potentially relevant to any issues in the above entitled matter pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure.

## Definitions and Rules of Construction

1. As used in this document, "you" and "your" refers to Steven B. Mendelow, Nancy Mendelow, Cara Mendelow, Pamela Christian, C&P Associates, Ltd and C&P Associates, Inc. and its predecessors, successors in interest, assignees, parents, subsidiaries, divisions or affiliates, and their respective officers, directors, employees, servants, agents, attorneys, and accountants, located anywhere in the world – inside or outside of the United States.

2. As used herein, the term "potentially discoverable information" refers to defendants' paper and electronic "documents" – including but not limited to electronic mail ("email") – that contain or may contain information relating to facts at issue in the

litigation, where the term "documents" is used as it is defined in Rules 26.3(c) of the Local Rules for the Southern District of New York, as incorporated by Local Bankruptcy Rule 7026-1 and as interpreted by decisional law of this District. The definitions and rules of construction contained in Rules 26.3(c) and (d) of the Local Rules of this Court are incorporated herein by reference and shall be controlling.

3. You should anticipate that much of the information subject to disclosure or responsive discovery in this matter is stored on your current and former computer systems and other media devices (such as: personal digital assistants, voice-messaging systems, online repositories and cell phones).

4. ESI should be afforded the broadest possible definition and includes (by way of example and not as an exclusive list) potentially relevant information electronically, magnetically or optically stored as: Digital Communications (e.g., e-mail, webmail, voice mail, instant messaging, commercial platforms such as Bloomberg or Thomson Reuters); Word Processing (e.g., Word or WordPerfect documents and drafts); Spreadsheets and tables (e.g., Excel or Lotus 123 worksheets); Accounting Application Data (e.g., QuickBooks, Money, Peachtree data files); Image and Facsimile Files (e.g., .PDF, .TIFF, .JPG, .GIF images); Sound Recordings (e.g., .WAV, and .MP3 files); Video and Animation (e.g., .AVI and .MOV files); Databases (e.g., Access, Oracle, SQL Server data, SAP); Contact and Relationship Management Data (e.g., Outlook, ACT!); Calendar and Diary Application Data (e.g., Outlook PST, Yahoo, blog tools); Online Access Data (e.g., Temporary Internet Files, History, Cookies); Presentations (e.g., PowerPoint, Corel Presentations); Network Access and Server Activity Logs; Project Management Application Data; Computer Aided Design/Drawing Files; and, Back Up and Archival Files (e.g., Zip, .GHO). ESI can exist in any format including data on hard drives, removable media, servers, back-up tapes, optical platters, and online or offline storage.

5. For good cause shown, the court may order production of the ESI, even if it finds that it is not reasonably accessible. Accordingly, even ESI that you deem reasonably inaccessible must be preserved in the interim so as not to deprive the Trustee of his right to secure the evidence or the Court of its right to adjudicate the issue. ESI may reside not only in areas of electronic, magnetic and optical storage media reasonably accessible to you, but also in areas you may deem not reasonably accessible. You are obliged to preserve potentially relevant evidence from both these sources of ESI, even if you do not anticipate producing such ESI.

### Preservation Requires Your Immediate Intervention

6. You must act immediately to preserve potentially relevant ESI including, without limitation, information with the earlier of a created or last modified date on or after January 1, 1992 through the date of this demand and concerning:

- A. All communications with Bernard L. Madoff Investment Securities LLC ("BLMIS") and any employees or principals of BLMIS;
- B. Account statements and trade confirmations;

  C. Financial records evidencing transfers to or from BLMIS, including any subsequent transfers;
  D. Any research or due diligence performed prior to investing; documents regarding any referrals or introductions to BLMIS;
  E. Documents regarding Steven B. Mendelow, Nancy Mendelow, Cara Mendelow, Pamela Christian's finances
  F. Documents regarding C&P Associates, Ltd and C&P Associates, Inc.'s organization and finances.
  G. Documents regarding FGLS Equity LLC's organization and finances.

  7. Adequate preservation of ESI requires more than simply refraining from efforts to destroy or dispose of such evidence. You must also intervene to prevent loss due to routine operations and employ proper techniques and protocols suited to protection of ESI. Be advised that sources of ESI are altered and erased by continued use of your computers and other devices. Booting a drive, examining its contents or running any application will irretrievably alter the evidence it contains and may constitute unlawful spoliation of evidence. Consequently, alteration and erasure may result from your failure to act diligently and responsibly to prevent loss or corruption of ESI.

  8. You are directed to immediately initiate a litigation hold for potentially relevant ESI, documents and tangible things, and to act diligently and in good faith to secure and audit compliance with such litigation hold. You are further directed to immediately identify and modify or suspend features of your information systems and devices that, in routine operation, operate to cause the loss of potentially relevant ESI. Furthermore, you should circulate retention notices to ensure the preservation of potentially discoverable information to those employees (i) potentially possessing such information, or (ii) who are responsible for maintaining such information. Examples of features and operations are not limited to, but include: purging the contents of email repositories by age, capacity or other criteria; using data or media wiping, disposal, erasure or encryption utilities or devices; overwriting, erasing destroying or discarding back up media; re-assigning, re-imaging or disposing of systems, servers, devices or media; running antivirus or other programs effecting the wholesale metadata alteration; releasing or purging online storage repositories; using metadata stripper utilities; disabling server or IM logging; and, executing drive or file defragmentation or compression programs.

  9. You should anticipate that employees, officers or others may seek to hide, destroy or alter ESI and act to prevent or guard against such actions. Especially where company machines have been used for Internet access or personal communications, you should anticipate that users may seek to delete or destroy information they regard as personal, confidential or embarrassing and, in so doing, may also delete or destroy potentially relevant ESI. This concern is not one unique to you or your employees and officers. It is simply an event that occurs with such regularity in electronic discovery efforts that any custodian of ESI and their counsel are obliged to anticipate and guard against its occurrence.

  10. You should anticipate that certain ESI, including but not limited to spreadsheets and databases, will be sought in the form or forms in which it is ordinarily

maintained. Accordingly, you should preserve ESI in such native forms, and you should not select methods to preserve ESI that remove or degrade the ability to search your ESI by electronic means or make it difficult or burdensome to access or use the information efficiently in the litigation.

11. You should further anticipate the need to disclose and produce system and application metadata and act to preserve it. System metadata is information describing the history and characteristics of other ESI. This information is typically associated with tracking or managing an electronic file and often includes data reflecting a file's name, size, custodian, location and dates of creation and last modification or access. Application metadata is information automatically included or embedded in electronic files but which may not be apparent to a user, including deleted content, draft language, commentary, collaboration and distribution data and dates of creation and printing. Be advised that metadata may be overwritten or corrupted by careless handling or improper steps to preserve ESI. For electronic mail, metadata includes all header routing data and Base 64 encoded attachment data, in addition to the To, From, Subject, Received Date, CC and BCC fields. As hard copies do not preserve electronic searchability or metadata, they are not an adequate substitute for, or cumulative of, electronically stored versions. If information exists in both electronic and paper forms, you should preserve both forms.

12. With respect to servers like those used to manage electronic mail (e.g., Microsoft Exchange, Lotus Domino) or network storage (often called a user's "network share"), the complete contents of each user's network share and e-mail account should be preserved. There are several ways to preserve the contents of a server depending upon, e.g., its RAID configuration and whether it can be downed or must be online at all times.

13. Though we expect that you will act swiftly to preserve data on office workstations and servers, you should also determine if any home or portable systems may contain potentially relevant data. To the extent that officers, board members, employees, sale representatives, independent contractors, subcontractors or other agents have sent or received potentially relevant e-mails or created or reviewed potentially relevant documents away from the office, you must preserve the contents of systems, devices and media used for these purposes (including not only potentially relevant data from portable and home computers, but also from portable thumb drives, CD-R disks and the user's PDA, smart phone, voice mailbox or other forms of ESI storage.). Similarly, if employees, officers or board members used online or browser-based email accounts or services (such as Facebook, Twitter, AOL, Gmail, Yahoo Mail or the like) to send or receive potentially relevant messages and attachments, the contents of these account mailboxes (including Sent, Deleted and Archived Message folders) should be preserved.

14. You must preserve any passwords, keys or other authenticators required to access encrypted files or run applications, along with the installation disks, user manuals and license keys for applications required to access the ESI.

15. You must preserve documents and other tangible items that may be required to access, interpret or search potentially relevant ESI, including logs, control

sheets, specifications, indices, naming protocols, file lists, network diagrams, flow charts, instruction sheets, data entry forms, abbreviation keys, user ID and password rosters or the like.

16. Nothing in this demand for preservation of ESI should be understood to diminish your concurrent obligation to preserve document, tangible things and other potentially relevant evidence.

***

We are happy to meet and discuss reasonable preservation steps; however, you should not defer preservation steps pending such discussions if ESI may be lost or corrupted as a consequence of delay. Should your failure to preserve potentially relevant evidence result in the corruption, loss or delay in production of evidence to which the Trustee is entitled, such failure would constitute spoliation of evidence, and could result in sanctions.

Please confirm that you have taken the steps outlined in this letter to preserve ESI and tangible documents potentially relevant to this action. If you have not undertaken the steps outlined above, or have taken other actions, please describe what you have done to preserve potentially relevant evidence.

Sincerely,

Jonathan B. New