UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x

| | |
|---|---|
| In re: | SIPA LIQUIDATION |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | Index No. 08-01789 (BRL) |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, | Adv. Pro. No. 10-04283 (BRL) |
| Plaintiff, | |
| - against - | |
| STEVEN B. MENDELOW, NTC & Co. LLP, as former custodian of an Individual Retirement Account for the benefit of STEVEN B. MENDELOW, NANCY MENDELOW, NTC & Co. LLP as former custodian of an Individual Retirement Account for the benefit of NANCY MENDELOW, CARA MENDELOW, PAMELA CHRISTIAN, C&P ASSOCIATES, LTD., and C&P ASSOCIATES, INC., | |
| Defendants. | |

----------------------------------------------------------------x

## AFFIDAVIT OF STANLEY S. ARKIN

STATE OF NEW YORK )
  ) ss:
COUNTY OF NEW YORK )

I, Stanley S. Arkin, being duly sworn, depose and state:

1. I am a partner at the law firm of Arkin Kaplan Rice LLP. My law firm represents defendants Steven B. Mendelow, Nancy Mendelow, Cara Mendelow, Pamela Christian, C&P Associates, Ltd. and C&P Associates Inc. (collectively, "defendants") in the above-captioned proceeding. I submit this affidavit in support of defendants' October

27, 2011 Memorandum of Law in Support of Their Motion to Withdraw the Reference. Unless otherwise stated, I have personal knowledge of the matters set forth herein, and if called upon to do so, could testify competently to them.

2. On or about October 13, 2011, Michelle A. Rice, a partner at my law firm, and I had a telephone conversation with counsel for Trustee Irving Picard, the trustee ("Trustee") for the liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS"). Ms. Rice and I inquired about two things. First, we asked whether the Trustee would stay this proceeding pending final determination of the issues raised in any possible appeal of *Katz*. Second, we asked if the Trustee would consider amending his complaint in this proceeding (the "Complaint") to reflect the recent guidance set forth in *Katz*.

3. Counsel for the Trustee informed us that there would be no stay and that the Complaint would not be amended by the Trustee. Counsel for the Trustee also stated that they had received "marching orders" to proceed with all of the BLMIS litigations.

4. We informed the Trustee's counsel that our clients intended to file a motion to withdraw the reference to the district court for the Southern District of New York, to which one of the Trustee's lawyers replied that the Trustee "expects 1,000 of these" motions.

5. Although the Trustee's counsel declined our request to amend the Complaint, our clients have entered into a stipulation for an extension of time to move to dismiss or otherwise answer the Complaint. That extension now runs through January 23, 2011.

6. My clients have not submitted a proof of claim in the BLMIS bankruptcy proceeding, nor have they in any other way submitted to the jurisdiction of the bankruptcy court.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on October 26, 2011

_____
STANLEY S. ARKIN

Sworn to before me
this 26th day of October, 2011.

_____
Notary Public

LEA M. RIFKIN
Notary Public, State of New York
No. 01RI 6235212
Qualified in New York County
Commission Expires Feb. 7, 2015