| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>SOUTHERN DISTRICT OF NEW YORK | Hearing Date: March 22, 2012 |

------------------------------------------------------------x

| | |
|---|---|
| In re: | SIPA LIQUIDATION |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | Index No. 08-01789 (BRL) |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, | Adv. Pro. No. 10-04283 (BRL) |
| Plaintiff, | |
| - against - | |
| STEVEN B. MENDELOW, NTC & Co. LLP, as former custodian of an Individual Retirement Account for the benefit of STEVEN B. MENDELOW, NANCY MENDELOW, NTC & Co. LLP as former custodian of an Individual Retirement Account for the benefit of NANCY MENDELOW, CARA MENDELOW, PAMELA CHRISTIAN, C&P ASSOCIATES, LTD., and C&P ASSOCIATES, INC., | |
| Defendants. | |

------------------------------------------------------------x

# DEFENDANT STEVEN B. MENDELOW'S SUR-REPLY MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION FOR THE ENFORCEMENT OF THE AUTOMATIC STAY AND FOR A PRELIMINARY INJUNCTION

Stanley S. Arkin
Michelle A. Rice
ARKIN KAPLAN RICE LLP
590 Madison Avenue
New York, NY 10022

*Attorneys for Defendant Steven B. Mendelow*

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ............................................................................................. 1

ARGUMENT ........................................................................................................................ 2

I.  THE TRUSTEE HAS STANDING TO SEEK TO STAY AND
    ENJOIN THIRD PARTY ACTIONS ............ **ERROR! BOOKMARK NOT DEFINED.**

II. THE NEW YORK SUPREME COURT JUDGE IN THE WARSHAW ACTION HAS
    AGREED TO ABIDE BY THE ORDER OF THIS COURT……………..……...3

CONCLUSION ..................................................................................................................... 4

# TABLE OF AUTHORITIES

Cases

*Picard v. Fox*,
   429 B.R. 423 (Bankr. S.D.N.Y. 2010) ................................................................................ 2

*Picard v. Stahl*,
   2011 WL 439532 (Bankr. S.D.N.Y. Feb. 9, 2011) ............................................................. 2

*Picard v. Warshaw, et al.*,
   Adv. Pro. No. 01092-2012 (BRL) (Bankr. S.D.N.Y. February 23, 2012) ........................... 1

*OMC, Inc. v. Local Union 28 of the Sheet Metal Workers' Int'l Union (In re Omc, Inc.)*,
   2010 Bankr. LEXIS 3600 (Bankr. S.D.N.Y. October 13, 2010) ........................................ 2

*Warshaw, et al. v. Mendelow, et al.*,
   No. 652173/2010 (Sup. Ct., N.Y. County, February 17, 2011) ...................................... 1, 3

*Weinberg v. Mendelow, et al.*,
   No. 652222/2010 (Sup. Ct., N.Y. County, December 9, 2010) ......................................... 1


Statutes

11 U.S.C. § 105 ........................................................................................................................ 1

11 U.S.C. § 362 ........................................................................................................................ 1

Defendant Steven B. Mendelow ("Mendelow"), by his attorneys, respectfully submits this sur-reply memorandum of law in further support of his Motion for the Enforcement of the Automatic Stay and for a Preliminary Injunction filed on January 18, 2011 (the "Motion") and in sur-reply to the Trustee's recently-filed Complaint and Memorandum of Law in Support of Trustee's Application for Enforcement of Automatic Stay and Preliminary Injunction in *Picard v. Warshaw et al.*, Adv. Pro. No. 01092-2012 (BRL) (Bankr. S.D.N.Y. February 23, 2012) ("Trustee's Warshaw Complaint") (Attached as Exhibits A and B to the Affirmation of Michelle A. Rice dated March 8th, 2012 (hereinafter, the "Rice Aff.")).

## PRELIMINARY STATEMENT

Although the Trustee previously opposed Mr. Mendelow's motion to enforce the Automatic Stay, he has recently changed course and filed a complaint against certain Third-Party Plaintiffs in *Picard v. Warshaw et al.* The Trustee's Warshaw Complaint seeks enforcement of the Automatic Stay and a preliminary injunction on the grounds that *Warshaw, et al. v. Mendelow, et al.*, No. 652173/2010 (Sup. Ct., N.Y. County, February 17, 2011) ("the Warshaw Action" or "Warshaw Plaintiffs") and *Weinberg v. Mendelow et al.*, No. 652222/2010 (Sup. Ct., N.Y. County, December 9, 2010) (the "Weinberg Action" or "Weinberg Plaintiffs") violate the Stay Orders, the Automatic Stay, and § 362 and § 105 of the Bankruptcy Code. *See, generally,* Rice Aff. Exh. A. These are precisely the same grounds that form the basis of this Motion. Thus, the Trustee is in complete agreement with Mr. Mendelow not only that the Warshaw Action and Weinberg Action should, in fact, be stayed, but also on the grounds upon which such a stay is appropriate. Consistently with other actions in which the Trustee has sought enforcement of the Automatic Stay, this Court should grant this motion.

## ARGUMENT

I. **THE TRUSTEE HAS STANDING TO SEEK TO STAY AND ENJOIN THIRD PARTY ACTION**

Both the Trustee and the Warshaw Plaintiffs previously argued that Mr. Mendelow lacks standing to bring a motion to enforce the Automatic Stay and for a preliminary injunction against the Warshaw and Weinberg Plaintiffs. *See* Trustee's Objection to Steven B. Mendelow's Motion for the Enforcement of the Automatic Stay and for a Preliminary Injunction at 4-8 (hereinafter, the "Trustee's Objection"); *see also* Warshaw Plaintiffs' Objection to Steven Mendelow's Motion for the Enforcement of the Automatic Stay and for a Preliminary Injunction at 2-4 (hereinafter, the "Warshaw Objection"). However, the Trustee's recently-filed Warshaw Complaint negates any need to discuss Mr. Mendelow's standing to bring this motion. The Trustee himself is now seeking to have the Automatic Stay enforced against the Warshaw and Weinberg Plaintiffs, and the Trustee clearly has the standing and authority to seek such relief. *See Picard v. Stahl*, 2011 WL 439532 (Bankr. S.D.N.Y. Feb. 9, 2011) (granting enforcement of the Automatic Stay and injunctions against third party actions where the Trustee had sought such relief); *see also Picard v. Fox*, 429 B.R. 423 (Bankr. S.D.N.Y. 2010) (same). Indeed, as the Warshaw Plaintiffs have previously noted in the Warshaw Objection, "[t]he estate or estate representative is the entity with standing to seek an injunction under section 105." Warshaw Objection at 3 (quoting *OMC, Inc. v. Local Union 28 of the Sheet Metal Workers' Int'l Union (In re Omc, Inc.)*, 2010 Bankr. LEXIS 3600 at *7 (Bankr. S.D.N.Y. October 13, 2010). Thus, since the Trustee has effectively joined in Mr. Mendelow's Motion against the Warshaw Plaintiffs, and there can be no doubts about the Trustee's standing, Mr. Mendelow's standing is no longer at issue, if indeed it ever was.

## II. THE NEW YORK SUPREME COURT JUDGE IN THE WARSHAW ACTION HAS AGREED TO ABIDE BY THE ORDER OF THIS COURT

The date for Oral Argument on this Motion has been adjourned numerous times over the past year at the request of the Trustee. In tandem with the multiple adjournments of this Motion, Mr. Mendelow's time to respond to the complaint in the Warshaw Action was likewise repeatedly adjourned. However, in late 2011, after Oral Argument for this Motion was adjourned until January 25th, 2012, the Warshaw Plaintiffs broke with the custom in the Warshaw Action, and refused to grant Mr. Mendelow any further extensions of time to respond or otherwise move with respect to the Warshaw complaint, which then became due on November 4, 2011.

Accordingly, Mr. Mendelow was subsequently forced to file both a Motion to Dismiss the Warshaw Action and an Order to Show Cause to Extend Mr. Mendelow's time to respond to the Warshaw complaint until after this Motion is decided. During the oral argument on the Order to Show Cause, Judge Feinman explicitly stated that he would abide by this Court's decision on the issue of a stay. Specifically, Judge Feinman said "[i]f you get a temporary or permanent stay or whatever you get in the Bankruptcy Court, so be it; you know, I obviously will abide by that." *See Warshaw, et al. v. Mendelow, et al.*, No. 652173/2010 (Sup. Ct., N.Y. County, February 17, 2011), Transcript of Oral Argument on Steven Mendelow's Application for a Temporary Stay, dated January 4, 2012, at 17:2-5 (Rice Aff. Exh. C).

## CONCLUSION

For the foregoing reasons, Steven B. Mendelow respectfully requests that this Court (i) enforce the standing Stay Orders; and (ii) preliminarily enjoin the Warshaw and Weinberg Plaintiffs from litigating the Warshaw and Weinberg Actions in New York Supreme Court.

Dated: New York, NY
March 8, 2012

                ARKIN KAPLAN RICE LLP

                By: */s/ Stanley S. Arkin*
                    Stanley S. Arkin
                    Michelle A. Rice
                    590 Madison Avenue
                    New York, NY 10022
                    (212) 333-0200

                *Attorneys for Defendant Steven B. Mendelow*